DAHLKE, Respondent, v. METROPOLITAN LIFE INS. CO., Appellant. (Supreme Court, Appellate Term. May, 1902.) Action by Edward Dahlke against the Metropolitan Life Insurance Company. Ritch, Woodford, Bovee & Wallace, for appellant. Robert J. Cook, for respondent.

FREEDMAN, P. J. This action was brought upon a policy of insurance issued by the defendant company upon the life of one Edward Glassy, who died October 26, 1900. The plaintiff claimed the proceeds of the policy under an assignment from one August Dahlke, who, the plaintiff claims, originally owned the policy by virtue of an assignment from the insured. The plaintiff is not named as a beneficiary in the policy, nor is there any evidence in the case that he is a relative, either by blood or marriage, of the insured. At the close of the plaintiff's case, and again at the close of the whole case, the defendant made various motions for a dismissal of the complaint, which motions were denied, and exceptions duly taken. We think the plaintiff failed to show any right in himself to the proceeds of the policy, and that the admission in evidence of the instrument claimed by the plaintiff to be "an assigned claim" from the insured was error. This purported assignment consisted of a letter written by the deceased to a person designated therein as "Friend Dahlke," stating that the insured had just undergone an operation in the Presbyterian Hospital of this city, and requesting the person so addressed not to let the policy lapse during the illness of the insured. There is no intention evidenced in such letter to assign the policy, nor is there any consideration named in such instrument. The only reference to the policy contained in the letter is the following: "I want you to get that book and pay insurance." This conveys no title to the policy, nor interest in the proceeds thereof. Neither is there any testimony in the record going to show that "Friend Dahlke," to whom the letter was addressed, is "August Dahlke," from whom the plaintiff obtained his assignment of the policy. Near the close of the plaintiff's case, he seems to have abandoned the theory upon which he first based his claim, and to have attempted to lay claim to the proceeds of the policy upon the ground that his assignor had incurred expense on behalf of the insured. This claim he predicated upon a clause in the policy which reads as follows: "The company may pay to relatives by blood, * * * or any other person appearing to be equitably entitled to the same by reason of having incurred expense on behalf of the insured." To obtain payment under this clause, a stranger would be required to furnish proof to the company that he was equitably entitled thereto by reason of having incurred expense. There was no evidence showing that any such claim had ever been presented to the defendant, or that it had any reason,

until the trial of this case, for believing that the plaintiff or any other person had incurred expense on behalf of the insured. The judgment must, therefore, be reversed. Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.